1   MILBERG LLP
    JEFF S. WESTERMAN (94559)
2   jwesterman@milberg.com
    One California Plaza
3   300 South Grand Ave., Suite 3900
    Los Angeles, CA  90071
4   Tel:  (213) 617-1200
    Fax:  (213) 617-1975
5
6   GLANCY BINKOW & GOLDBERG LLP
    SUSAN G. KUPFER (141724)
7   skupfer@glancylaw.com
    One Embarcadero Center, Suite 760
    San Francisco, CA  94111
8   Tel:  (415) 972-8160
    Fax:  (415) 972-8166
9
10  SUSMAN GODFREY L.L.P.
    MARC M. SELTZER (54534)
11  mseltzer@susmangodfrey.com
    1901 Avenue of the Stars, Suite 950
    Los Angeles, CA  90067
12  Tel: (310) 789-3100
    Fax: (310) 789-3150
13
14  Plaintiffs' Interim Class Counsel

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE KOREAN AIR LINES CO., LTD. ANTITRUST LITIGATION | MDL No. 07-01891 |
| | Master File No. CV 07-05107 SJO (AGRx) |
| This Document Relates to: | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT ASIANA AIRLINES, INC. AND FOR AWARD OF COSTS AND EXPENSES** |
| ALL ACTIONS | |
| | **Date:       June 27, 2011**
**Time:      1:30 p.m.**
**Place:     Courtroom of the Hon.**
**               S. James Otero** |

1584777v1/010438

# **TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND..........................................................................5

II.  THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE
     AND WARRANTS FINAL APPROVAL .......................................................7

     A.   Legal Standard for Judicial Approval of a Class Action
          Settlement ............................................................................................7

     B.   The Settlement Amount Is Fair in View of the Best Possible
          Recovery at Trial, the Myriad Risks of Continued Litigation,
          and the Absence of Objections from the Settlement Class. ..................9

III. CERTIFICATION OF THE SETTLEMENT CLASS IS FAIR AND
     REASONABLE. .............................................................................................13

IV.  REIMBURSEMENT OF COSTS AND EXPENSES AND SETTING
     ASIDE ADDITIONAL FUNDS FOR ONGOING LITIGATION
     COSTS AND EXPENSES IS FAIR AND REASONABLE. .........................13

V.   CONCLUSION...............................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Boeing Co. v. Van Gemert*,

    444 U.S. 472, 478 (1980) ....................................................................................14

*Boyd v. Bechtel Corp.*,

    485 F. Supp. 610, 622 (N.D. Cal. 1979) .............................................................13

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1998)...............................................................................7

*In re Air Cargo Shipping Servs. Antitrust Litig.*,

    06-MD-1775 (E.D.N.Y. 2010)................................................................................2

*In re Media Vision Tech. Sec. Litig.*,

    913 F. Supp. 1362, 1366 (N.D. Cal. 1995) ..........................................................14

*In re Metro Secs. Litig.*,

    2006 U.S. Dist. LEXIS 73001, at *14 (E.D. Wash. Oct. 6, 2006) ......................14

*In re Motorsport Merchandise Antitrust Litig.*,

    112 F. Supp. 2d 1329, 1337 (N.D. Ga. 2000) ........................................ 10, 11, 12

*Kirkorian v. Borelli*,

    695 F. Supp. 446, 451 (N.D. Cal. 1988) .............................................................12

*Linney v. Cellular Alaska P'ship*,

    151 F.3d 1234 (9th Cir. 1998)...............................................................................9

*Mills v. Electric Auto Lite Co.*,

    396 U.S. 375, 392-3 (1970)..................................................................................14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

    221 F.R.D. 523, 528 (C.D. Cal. 2004) ................................................................12

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982)............................................................... 7, 8, 9

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993).....................................................................7

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976).....................................................................7

*Vincent v. Hughes Air West*,
  557 F.2d 759, 769 (9th Cir. 1977).........................................................14

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005)........................................................................9

**Other Authorities**

4 NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2005) ...........................................12

1    The plaintiffs appointed by this Court to represent the Class certified in this

2  litigation for purposes of settlement ("Class Plaintiffs") respectfully request that

3  the Court (1) grant final approval of the proposed settlement; (2) grant final

4  approval of the certification of the Settlement Class, as defined in the Court's

5  Order Granting Preliminary Approval of Settlement Between Plaintiffs and

6  Defendant Asiana Airlines, Inc. and Approving Form and Manner of Class Notice

7  (the "Preliminary Approval Order") (Doc. 462), filed on February 18, 2011; (3)

8  approve payment of plaintiffs' counsel's out-of-pocket costs and expenses incurred

9  in this litigation and set aside $2.5 million from the Settlement Fund to be used,

10  upon further application to the Court, for additional litigation costs and expenses;

11  and (4) enter the Final Judgment approving the settlement with defendant Asiana

12  Airlines, Inc. ("Asiana") to be lodged prior to the hearing on this motion.

13    This Supplemental Memorandum supplements and updates the submission

14  made in the Memorandum in Support of Plaintiffs' Motion for Final Approval of

15  Settlement Between Plaintiffs and Defendant Asiana Airlines, Inc. and for Award

16  of Costs and Expenses (Doc. 468), filed on March 3, 2011.

17    Pursuant to and in compliance with the Preliminary Approval Order, the

18  Court-approved notice (the "Class Notice") of the proposed settlement with Asiana

19  was disseminated to the Settlement Class.  *See* Declaration of Katherine Kinsella

20  Regarding Implementation of Class Notice and Declaration of Charlene Young Re:

21  Mailing and Publication of Notice and Report on Requests for Exclusion, filed

22  concurrently herewith.  In response to the Class Notice only sixteen Class members

23  requested exclusion.  *See* Notice of Persons and Entities Who Have Requested

24  Exclusion from the Settlement Class (Doc. 487), filed on May 23, 2011, and only

25  three persons ("Chun Plaintiffs") filed any objections.  *See* Indirect Purchaser

Plaintiffs Soon JA Chun, Bernard Jung Kim, and Elizabeth Bahn's Objection to the Proposed Class Action Settlement with Asiana Airlines, Inc. (Doc. 483), filed on May 16, 2011.  The Chun Plaintiffs have now entered into stipulation with Class Plaintiffs' counsel to withdraw their objections which will be deemed withdrawn upon the Court's approval of the stipulation.  *See* Stipulation Between Plaintiffs' Co-Lead Counsel and Chun Counsel (Doc. 491), filed on June 10, 2011.

In their objection, Chun Plaintiffs do not challenge the fairness, reasonableness and adequacy of the settlement with Asiana.  Rather, they object on the sole ground that the settlement and Class Notice "does not provide sufficient information to Class members about the plan of allocation…".  Chun Plaintiffs' Objection at 1.

In the Court-approved Class Notice, Class members were informed that the settlement amount will be distributed *pro rata*, based on the total qualifying purchases in dollars to Class members who submit claims on a timely basis.  Class Notice at 3.

And, as the Court has previously been advised, Class Plaintiffs intend to seek approval of further notice to the Settlement Class of a detailed proposed Plan of Allocation at a subsequent stage of this litigation.

Courts have routinely approved class settlements when no plan has been submitted.  *See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 06-MD-1775 (E.D.N.Y. 2010), Class Notice of Settlement with Societe Air France, KLM, Martinair, Japan Airlines, American Airlines, AMR Corp. SAS and SAS Cargo Group (Doc. 1295-2) at 7 ("At a future date, the lawyers will propose a Plan of Allocation to the Court that sets out how the money will be divided among class

members.") (final approval of settlements granted March 3, 2011 with no plan of allocation yet submitted).

For these reasons, the Chun Plaintiffs' objections to the settlement with Asiana lacks merit. In any event, as noted above, upon approval of the stipulation with the Chun Plaintiffs, their objections will be deemed withdrawn.

As the Court knows, this case is an antitrust class action brought against defendants Asiana and Korean Air Lines Co., Ltd. ("Korean Air"). Class Plaintiffs allege that defendants conspired to fix prices for passenger air travel between the United States and Korea, in violation of the federal antitrust laws. This case involves highly-complex issues of fact and law relating to the pricing and distribution of tickets for passenger air travel, the effect of the alleged conspiracy on the price of passenger air travel between the United States and Korea, and the damages allegedly caused by the price-fixing conspiracy.

The litigation has been hard fought. Defendants have filed multiple motions to dismiss, the parties have conducted extensive fact and expert discovery, and have engaged in motion practice pertaining to discovery matters. The settlement reached between Class Plaintiffs and Asiana, and preliminarily approved by this Court, is the result of arm's-length negotiations, undertaken in good faith, that took place over the course of many months.

The Stipulation of Settlement Between Class Plaintiffs and Defendant Asiana Airlines, Inc. (the "Settlement Agreement"), dated as of July 30, 2010, provides that (1) Asiana will pay $11,000,000, in cash, which has already been deposited in an interest-bearing escrow account established by Class Counsel; (2) Asiana will make available $10,000,000 in travel coupons good for passenger air travel on Asiana; (3) Asiana will pay up to $60,000 over and above the

$11,000,000 cash fund for costs and expenses related to notice to the Settlement Class and administration of claims; and (4) Asiana will cooperate with plaintiffs' discovery and prosecution of its case against Korean Air. *See* Exhibit 1 to the Declaration of Marc M. Seltzer in Support of Plaintiffs' Motion for Preliminary Approval of Settlement ("Seltzer Decl. in Support of Preliminary Approval") (Doc. 422-2), filed on October 9, 2010.

In determining to settle this action, plaintiffs' counsel have taken into account the substantial expense and length of time necessary to prosecute the litigation through discovery, class certification, summary judgment, trial, post-trial motions and likely appeals; the significant uncertainties in predicting the outcome at each stage of this complex litigation; as well as Asiana's relatively weak financial condition and potentially uncertain ability to pay any judgments (*see* Plaintiffs' Memorandum in Support of Motion for Preliminary Approval (Doc. 422-1), filed on October 9, 2010.

Pursuant to the Preliminary Approval Order, Settlement Class Counsel, with the assistance of the Settlement Administrator, implemented an extensive notice plan, which utilized advertisements in Korean and English language newspapers and on television, emailed and mailed notice, and a website dedicated to providing information about this settlement to the Settlement Class. The Court received only one objection and as discussed above, that objection will be deemed withdrawn upon the court's approval of the stipulation with the Chun Plaintiffs.

Settlement Class Counsel believes that this settlement represents an excellent result for the Settlement Class. Moreover, this settlement will allow plaintiffs to focus their efforts, with cooperation from Asiana, on the continuing litigation against Korean Air.

## I.   FACTUAL BACKGROUND

On August 23, 2007, Korean Air pled guilty to participating in conspiracies to fix prices for certain U.S./trans-Pacific air cargo services and certain air passenger flights from the United States to Korea and agreed to pay a fine of $300 million.  On May 6, 2009, Asiana also pled guilty to participating in conspiracies to fix prices for certain U.S./trans-Pacific air cargo services and certain air passenger flights from the United States to Korea.  Asiana agreed to pay a fine of $50 million.

Plaintiffs filed the operative complaint—the Second Amended Complaint ("SAC")—on February 29, 2008, alleging that Korean Air and Asiana conspired to fix air fares and fuel surcharges for passenger air transportation on flights between the United States and Korea in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

Defendants each filed a motion to dismiss on April 4, 2008.  The Court granted defendants' motions in part, dismissing plaintiffs' "pass through" claims— *i.e.*, claims that were based on an itinerary that includes a U.S.-Korea flight segment but where the original point of departure or ultimate destination was not in Korea or the U.S.  The Court denied defendants' motions as to all other of plaintiffs' claims.

On August 12, 2009, defendants jointly filed a second motion to dismiss the claims of purchasers of Korea-origin travel pursuant to the Foreign Trade Antitrust Improvement Act ("FTAIA").  On December 22, 2009, the Court struck the parties' briefing on the motion to dismiss and ordered further discovery.  On February 26, 2010, defendants again filed a joint motion to dismiss the claims of purchasers of Korea-origin travel.  On August 2, 2010, the Court granted

defendants' motion and dismissed claims based on purchases of tickets for air passenger travel made in Korea.

On July 30, 2010, following months of arm's-length negotiations—including numerous conference calls and face-to-face discussions among counsel—plaintiffs and Asiana agreed to a settlement. The terms of the proposed settlement are set forth in the Settlement Agreement.

On February 18, 2011, the Court entered its Preliminary Approval Order. *See* Doc. 462. Among other things, the Court's Preliminary Approval Order certified the Settlement Class, appointed the Interim Co-Lead Class Counsel as Settlement Class Counsel, and approved the proposed plan for giving notice of the proposed settlement to the Settlement Class.

Settlement Class Counsel, with the assistance of the Settlement Administrator, implemented the notice plan set forth in the Court's order. *See generally* Declaration of Katherine Kinsella Regarding Implementation of Class Notice ("Kinsella Declaration"). Direct mail notice was sent via mail and email on or before March 11, 2011. Kinsella Decl. ¶ 18. Thereafter, notice was printed in numerous English-language publications (including *Newsweek*, *The Wall Street Journal*, the *Los Angeles Times*, and the *New York Times*) and Korean-language publications in cities throughout the United States. *Id.* ¶¶ 18-23. Notice was also broadcast on television stations and posted on internet sites calculated to reach travelers on the defendant airlines. *Id.* ¶¶ 15-17, 24, 25.

The Court set May 16, 2011 as the deadline for Settlement Class members to file objections to the proposed settlement. *See* Doc. 462, at 7. The Court received only one objection from plaintiffs Soon Ja Chun, Bernard Jung Kim and Elizabeth Bahn ("Objecting Plaintiffs"). *See* Doc. 483. Pursuant to a stipulation between

Settlement Class Counsel and counsel for the Objecting Plaintiffs, the Objecting Plaintiffs agreed to withdraw their objection. Consequently, there are no objections to the Settlement pending before this Court.

## II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND WARRANTS FINAL APPROVAL

Class Plaintiffs request final approval of the settlement not only because public policy favors the settlement of complex class actions such as this one, but also, as demonstrated herein, because the settlement is an excellent result for the Class. Class Plaintiffs respectfully submit that the proposed settlement is fair, reasonable, and adequate to the Settlement Class and warrants Court approval.

### A. Legal Standard for Judicial Approval of a Class Action Settlement

The Ninth Circuit recognizes that "voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "This is especially true in complex class action litigation . . . ." *Id.* Class actions are particularly well suited for compromise due to difficulties of proof, uncertainties of the outcome, and the typical length of the litigation. "[T]here is an overriding public interest in settling and quieting litigation," and "[t]his is particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

In deciding whether to approve a proposed settlement, the Court must determine whether the settlement is "fair, reasonable and adequate" under Rule 23(e). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The Ninth Circuit has set forth the following list of factors that may be relevant in evaluating the fairness of a class action settlement:

> Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable.   The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625 (citations omitted).

The district court's exercise of discretion in approving a settlement should take into account that

> the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Officers for Justice*, 688 F.2d at 625.  Thus, the Ninth Circuit limits the inquiry as follows:

> [T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits.  Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and

law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be weighed against a hypothetical or speculative measure of what <u>might</u> have been achieved by the negotiators.

*Id*. Here, the applicable factors support approval of the settlement.

**B.    The Settlement Amount Is Fair in View of the Best Possible Recovery at Trial, the Myriad Risks of Continued Litigation, and the Absence of Objections from the Settlement Class.**

In evaluating the fairness of a settlement, the fundamental question is how the value of the settlement compares to the amount the class potentially could recover at trial, discounted for risk, delay, and expense. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d at 628. Indeed, "[t]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion . . . ." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) (internal quotation marks omitted). Reality dictates that some discount needs to be offered to defendants in a settlement, who otherwise would have little incentive to pay anything short of a litigated judgment. Indeed, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (internal quotation marks omitted).

*First*, while plaintiffs' counsel believe that plaintiffs' claims have merit and that plaintiffs would obtain class certification and eventually prevail on the merits, plaintiffs' counsel are also mindful of the continued risks of litigation. Asiana has

vigorously contested plaintiffs' claims made in this litigation.  The issues include, among others: (1) whether any defendant engaged in conduct violative of the federal antitrust laws; (2) the amount, if any, by which the market price was allegedly artificially inflated during the Class Period due to defendants' allegedly anticompetitive behavior; and (3) the susceptibility of plaintiffs' damages to class-wide proof.  Plaintiffs' counsel recognize that absent settlement, there is a risk that the Class would obtain no recovery at trial.  Consequently, the proposed settlement, which provides for $21,060,000 in economic consideration plus the considerable benefits of discovery cooperation, is clearly fair, reasonable and adequate in light of the risks of continued litigation.

*Second*, the settlement will help reduce the cost of the continuing litigation against Korean Air.  Seltzer Decl. in Support of Preliminary Approval, at ¶ 11.  It is well-recognized that "[a]n antitrust class action is arguably the most complex action to prosecute."  *In re Motorsport Merchandise Antitrust Litig.,* 112 F. Supp. 2d 1329, 1337 (N.D. Ga. 2000).  Plaintiffs' counsel have expended (and continue to expend) substantial time and resources, including working with economics and airline industry experts, conducting discovery, and analyzing the airlines' methods for pricing and selling tickets for passenger air travel.  *See* Seltzer Decl. in Support of Preliminary Approval, at ¶ 6.  A settlement at this stage of the case eliminates the further expense, difficulty and risk inherent in prosecuting this case against Asiana and will help reduce the cost of litigating this case against Korean Air.  *See id.*, at ¶¶ 5, 11.

*Third*, this lawsuit has been hotly contested for more than three years by capable and experienced counsel on both sides.  Defendants have brought multiple motions to dismiss, and on August 2, 2010, the Court dismissed the Korea-

purchaser claims with prejudice following discovery and several rounds of briefing. Extensive document discovery has been conducted resulting in the production of hundreds of thousands of pages of documents. In addition, depositions have been taken of a number of witnesses.

*Fourth*, plaintiffs' counsel are cognizant of Asiana's relatively weakened financial condition and potentially uncertain ability to pay a future judgment. In the criminal case against Asiana, the United States Department of Justice ("DOJ") examined Asiana's financial condition and recommended, and the Court imposed, a below-Guidelines fine of $50 million based on "Asiana's inability to pay a greater fine without substantially jeopardizing its continued viability, even with the use of a reasonable installment schedule." Seltzer Decl. in Support of Preliminary Approval, Exhibit 2 (DOJ Sentencing Memorandum), at 3. The fine was to be paid in six installments over a five-year period. On April 26, 2010, after Asiana had made only one installment payment of $4 million, the DOJ petitioned the Court to defer Asiana's future installment payments based on Asiana's ongoing financial hardship. *See id.*, Ex. 3 (DOJ's Unopposed Petition For Modification of Fine), at 2-3. The DOJ determined that, based on its assessment of Asiana's financial condition, Asiana would not be able to make its scheduled installment payment "without substantially jeopardizing Asiana's continued viability." *Id.* at 3. On April 27, 2010, the Court ordered that Asiana's installment payments be deferred. *See id.*, Ex. 4 (Order Modifying Fine).

*Fifth,* the benefit to the Settlement Class provided by this settlement is significant, particularly in light of Asiana's distressed financial condition. Asiana has agreed to pay $11,000,000 in cash, $10,000,000 in travel vouchers, plus $60,000 in notice and administration costs, and to cooperate with plaintiffs in the

on-going litigation.   Indeed, Asiana has already provided and will continue to provide cooperation to plaintiffs' counsel, which will assist plaintiffs in narrowing and efficiently focusing their litigation efforts against Korean Air, the sole non-settling defendant.  *See* Seltzer Decl. in Support of Preliminary Approval, at ¶11. This is significant because Korean Air, which is jointly and severally liable for all damages in this case, is a much larger company and more financially stable than Asiana.  *Id.*  Plaintiffs believe that Korean Air is capable of paying a larger judgment entered against it at trial as compared with Asiana.

*Sixth*, the Settlement Agreement is the product of intense, arm's-length negotiation.   "[A]n initial presumption of fairness" exists where, as here, "a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval."  4 NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2005).   The negotiations leading to the Settlement Agreement were conducted over the course of many months, and included numerous conference calls, written exchanges of offers, and face-to-face discussions.  *See* Seltzer Decl. in Support of Preliminary Approval, at ¶¶7-8.  The fact that the settlement is the product of arm's-length negotiations conducted in good faith militates in favor of approval.

*Seventh*, significant weight should be attributed to the belief of experienced counsel that the settlement is in the best interest of the Settlement Class.  *See, e.g., Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight" is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."); *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622

(N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness). Plaintiffs' counsel have extensive experience prosecuting complex antitrust litigation, including antitrust class actions. *See* Seltzer Decl. in Support of Preliminary Approval, ¶¶2-4. It is plaintiffs' counsel's informed judgment that the settlement is fair, reasonable, and adequate to the Class. *Id.* ¶14.

*Eighth*, there are no objections before the Court (other than the Chun Plaintiffs' objections), and thus, the Settlement Class responded favorably to the proposed Settlement. Consequently, this factor clearly favors approval of the proposed Settlement.

In sum, plaintiffs respectfully submit that the settlement is fair, reasonable, and adequate and should be approved.

## III.   CERTIFICATION OF THE SETTLEMENT CLASS IS FAIR AND REASONABLE.

Class Plaintiffs hereby incorporate by reference their submissions made in support of certification of the Settlement Class contained in Plaintiffs' Memorandum in Support of Preliminary Approval of the Settlement (Doc. 422-1), filed on October 9, 2010, at 4-5 and 12-22. The Court previously certified the Settlement Class in connection with preliminary approval of the Settlement, and Class Plaintiffs now respectfully ask the Court to confirm final approval of the Settlement Class for the purpose of effectuating the settlement with Asiana.

## IV.   REIMBURSEMENT OF COSTS AND EXPENSES AND SETTING ASIDE ADDITIONAL FUNDS FOR ONGOING LITIGATION COSTS AND EXPENSES IS FAIR AND REASONABLE.

Class Plaintiffs respectfully ask the Court to authorize the use of funds from the Settlement Fund to reimburse plaintiffs' counsel for costs and expenses

incurred to date in this litigation, and to set aside $2.5 million from the Settlement Fund for potential use, upon further application to the Court, to pay additional litigation costs and expenses in the ongoing litigation against defendant Korean Air.

Attorneys in a common fund case may be reimbursed for reasonable out-of-pocket expenses used to prosecute an action.  "[A]n attorney who has created a common fund has a right to reimbursement …"  *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1995) ("*Media Vision*"), citing *Mills v. Electric Auto Lite Co.,* 396 U.S. 375, 392-3 (1970); *accord In re Metro Secs. Litig.*, 2006 U.S. Dist. LEXIS 73001, at *14 (E.D. Wash. Oct. 6, 2006) ("*In re Metro*") ("Litigation expenses are compensable in a common fund case if the particular costs are reasonable and if they are of the type typically billed …"), citing *Vincent v. Hughes Air West*, 557 F.2d 759, 769 (9th Cir. 1977).

The proposed settlement with Asiana will, if finally approved by the Court and if it becomes effective in accordance with its terms, create a common fund for the benefit of the Settlement Class.   Therefore, if the Asiana settlement is approved, Class Counsel should be reimbursed for the costs and expenses they have incurred because such costs and expenses were reasonable and necessary to prosecute this action, and they are of the type that are customarily approved by courts as proper, reimbursable litigation costs and expenses. *See Media Vision*, 913 F. Supp. At 1366; *In re Metro*, 2006 U.S. Dist. LEXIS 73001, at *14. Similarly, a Court may order that money for future litigation expenses, reasonably and necessarily incurred on behalf of a class, be advanced from settlement funds negotiated on behalf of the class. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (endorsing the common-fund doctrine).

To date, plaintiffs' counsel have incurred more than $1,600,000 in costs and expenses in connection with this litigation.  The majority of the costs incurred to date were for the services of expert economists.  The Declarations of Marc M. Seltzer, Susan G. Kupfer, and Jeff S. Westerman, filed in support of Plaintiffs' Motion for Award of Costs and Expenses, *see* Doc. 469-71, provide descriptions of the costs and expenses incurred by Plaintiffs' Settlement Class Counsel.  In this action, a litigation fund was established by Plaintiffs' Settlement Class Counsel from which payments were made in furtherance of this litigation.  The declarations of plaintiffs' counsel describe the contributions to that fund and how those funds were used to make payments for purposes of the litigation.  The Kupfer Declaration (Doc. 471) provides a detailed breakdown describing the expenditures from the litigation fund.  In addition to Plaintiffs' Settlement Counsel, other attorneys for plaintiffs incurred costs and expenses.  Additional supporting declarations will be submitted in support of reimbursement of those costs and expenses.  The total amount of costs and expenses for which reimbursement will be sought at this time will be the subject of supplemental filings to be made with the Court prior to the final Fairness Hearing.[1]

Plaintiffs' counsel also anticipate that additional costs and expenses will be incurred in the ongoing litigation against Korean Air.  As the Court is aware, the use of experts in connection with class certification proceedings, and proof of impact and damages is common in antitrust class actions.  Settlement Class members were apprised that this application would be made in the notice to the Settlement Class to be given in accordance with the Court's approved Class notice

---

[1]  Plaintiffs will also submit a proposed form of order regarding their cost and expense application prior to the hearing on this motion.

plan.  Consequently, Class Plaintiffs will request the Court to set aside $2.5 million from the Settlement Fund to be available for potential reimbursement of future litigation costs and expenses incurred by plaintiffs' counsel.  Plaintiffs' counsel will apply from time-to-time to the Court to approve disbursements from these set-aside funds as the litigation progresses.

## V.   CONCLUSION

For the foregoing reasons, Class Plaintiffs, on behalf of the Class, respectfully request that the Court (1) grant final approval of the proposed settlement; (2) certify the Settlement Class, as defined in Plaintiffs' Memorandum in Support of Preliminary Approval of the Settlement, for the purpose of effectuating the settlement; (3) approve payment of plaintiffs' counsel's out-of-pocket costs and expenses incurred in this litigation and set aside $2.5 million from the Settlement Fund to be used for additional litigation costs and expenses, upon further application to the Court; and (4) enter the proposed Order Approving Class Action Settlement submitted herewith.

Respectfully submitted,

DATED:  June 13, 2011

SUSMAN GODFREY L.L.P.
MARC M. SELTZER

    /s/ Marc M. Seltzer
Marc M. Seltzer

1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067
Tel: (310) 789-3100
Fax: (310) 789-3150
E-mail: mseltzer@susmangodfrey.com

GLANCY BINKOW & GOLDBERG LLP
SUSAN G. KUPFER


   /s/ Susan G. Kupfer
        Susan G. Kupfer

One Embarcadero Center, Suite 760
San Francisco, California 94111
Telephone: (415) 972-8160
Facsimile:  (415) 972-8166
E-mail: skupfer@glancylaw.com




MILBERG LLP
JEFF S. WESTERMAN

   /s/ Jeff S. Westerman
        Jeff S. Westerman

300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
E-mail: jwesterman@milberg.com

Plaintiffs' Interim Class Counsel